Derek A. Newman, State Bar No. 190467
*dn@newmanlaw.com*
NEWMAN DU WORS LLP
100 Wilshire Boulevard, Suite 940
Santa Monica, CA 90401
Telephone:   (310) 359-8200
Facsimile:    (310) 359-8190

Derek Linke, State Bar No. 302724
*linke@newmanlaw.com*
NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone:   (206) 274-2800
Facsimile:    (206) 274-2801

Attorneys for Plaintiff
Luxe Link, LLC

Brett A. Lovejoy, State Bar No. 212942
*blovejoy@morganlewis.com*
Rita E. Tautkus, State Bar No. 162090
*rtautkus@morganlewis.com*
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Telephone:   (415) 442-1000
Facsimile:    (415) 442-1001

Attorneys for Defendants
Alexx, Inc. and Sandra Stein

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXE LINK, LLC,<br><br>                Plaintiff,<br><br>         v.<br><br>ALEXX, INC. et al.,<br><br>                Defendants. | Case No. CV14-08024 BRO (PJWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>The Honorable Patrick J. Walsh |

1

**A.    Purposes and Limitations**

1.      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 20, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B.    Good Cause Statement**

2.      This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to

2
STIPULATED PROTECTIVE ORDER

keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**C.   Scope of Protective Order**

3.    This Protective Order shall govern information disclosed during discovery in this action, including but not limited to disclosures, documents, electronically stored information, things, responses to requests for production of documents and things, interrogatory answers, deposition testimony, answers to requests for admission, expert reports, and other discovery materials, whether produced informally or in response to requests for production of documents or things, interrogatories, requests for admissions, subpoenas, or other formal methods of discovery, as well as any copies, notes, abstracts, or summaries of such information (collectively, "Material").

**D.   Designating Confidential or Highly Confidential–Outside Counsel's Eyes Only Material**

4.    A party or non-party who discloses or produces Material for inspection or review (a "Producing Party") to any other party (a "Receiving Party") may designate as "Confidential" any non-public Material that the Producing Party believes in good faith includes its trade secret, confidential or proprietary information, third-party customer and/or financial information, personal financial information, sensitive personally-identifying information, or information which, if disclosed, would violate an obligation of confidentiality to a third person, party, or another court order.

5.      A Producing Party may designate as "Highly Confidential–Outside Counsel's Eyes Only" any "Confidential" Material that the Producing Party in good faith reasonably believes would harm its commercial, financial, or business interests if disclosed to the Receiving Party or unauthorized third party.

6.      A Producing Party must designate Confidential Material by clearly marking or stamping it with the legend "CONFIDENTIAL." A Producing Party must designate Highly Confidential–Outside Counsel's Eyes Only Material by clearly marking or stamping it with the legend "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL'S EYES ONLY." Legends shall be placed on every page of a multi-page document which contains such Material. Legends need not be placed on an original document, but instead may be placed upon copies produced or exchanged. Material not reduced to documentary or tangible form or which cannot be conveniently designated in the manner set forth above, such as models or electronically stored information, shall be designated by informing the Receiving Party in writing and/or by labeling the media on which electronic files are produced with the appropriate legend.

7.      Interrogatories or the answers thereto, requests for production or the responses thereto, requests for admission or the responses thereto, motions, briefs, memoranda, correspondence, and other documents prepared, produced, served, and/or filed in connection with this action, or portions of the foregoing, containing Confidential or Highly Confidential–Outside Counsel's Eyes Only Material, or quoting or referring to the substance of Confidential or Highly Confidential–Outside Counsel's Eyes Only Material, may be similarly designated and treated as Confidential or Highly Confidential–Outside Counsel's Eyes Only in accordance with the provisions and procedures of this Protective Order.

**E.    Designation and Treatment of Confidential and Highly Confidential–Outside Counsel's Eyes Only Material During Deposition**

8.      Any oral or written deposition testimony may be designated as

4
STIPULATED PROTECTIVE ORDER

1   Confidential or Highly Confidential–Outside Counsel's Eyes Only either at the

2   time the testimony is given or within 30 days following receipt of a final transcript,

3   by providing written notice to the court reporter, with a copy of the notice to

4   counsel for each party to the action, of the specific pages and lines of the transcript

5   that contain Confidential or Highly Confidential–Outside Counsel's Eyes Only

6   Material. Such written notification shall then be attached by the Receiving Party

7   and/or the reporter to the transcript and each copy thereof in its possession,

8   custody, or control. All deposition transcripts and exhibits shall be treated as

9   Highly Confidential–Outside Counsel's Eyes Only in their entirety until 30 days

10  following receipt of the transcript unless receipt of confidentiality designations is

11  received earlier. Deposition exhibits previously designated Confidential or Highly

12  Confidential–Outside Counsel's Eyes Only need not be re-designated.

13      9.      Unless otherwise agreed by the Producing Party or ordered by the

14  Court, Confidential or Highly Confidential–Outside Counsel's Eyes Only Material

15  may be disclosed to a witness at a deposition only if (i) the witness was the author

16  or recipient of a document containing the Confidential or Highly Confidential–

17  Outside Counsel's Eyes Only Material or a custodian or other person who

18  otherwise possessed or knew the Confidential or Highly Confidential–Outside

19  Counsel's Eyes Only Material or (ii) disclosure to the witness is intended to permit

20  examination reasonably calculated to lead to the discovery of admissible evidence

21  and a foundation is first laid that the person likely would have had access to the

22  designated Material in the course of the person's employment or consultancy. If a

23  deposition concerns Confidential or Highly Confidential–Outside Counsel's Eyes

24  Only Material, the Producing Party shall have the right to exclude from the portion

25  of the deposition concerning such information any person not authorized in

26  accordance with Paragraphs 10–16 to have access to such material.

27

28

STIPULATED PROTECTIVE ORDER

**F.     Use and Disclosure of Confidential or Highly Confidential–Outside Counsel's Eyes Only Material**

10.     Material designated "Confidential" or "Highly Confidential–Outside Counsel's Eyes Only" may only be used for the purpose of prosecuting, defending, or attempting to settle this action and shall be disclosed only in accordance with the terms of this Protective Order.

11.     Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and distribution of Confidential or Highly Confidential–Outside Counsel's Eyes Only Material.

12.     Material designated Confidential or Highly Confidential–Outside Counsel's Eyes Only shall be deemed and treated as Confidential or Highly Confidential–Outside Counsel's Eyes Only, respectively, unless and until the Court rules to the contrary or the Producing Party modifies or retracts its designation.

13.     Material designated as "Confidential" may be disclosed by a Receiving Party only to the following persons:

      a.     The Receiving Party's officers, directors, managers, employees, and in-house counsel to whom it is reasonably necessary that the Material be disclosed for the purpose of this action;

      b.     The Court and the Court's staff;

      c.     Outside counsel for the Receiving Party, including its law firm(s) of record and employees of those law firms who are assisting those attorneys in this action, including employees working in secretarial, clerical, or paralegal capacities, and outside vendors retained to provide litigation support services to those attorneys;

      d.     Court reporters and videographers and necessary stenographic and clerical personnel thereof, including any third-party video-synchronization service retained by a reporter or videographer;

      e.     Subject to Paragraph 13, outside experts and consultants for the

1  Receiving Party who are not employees of the Receiving Party
2  and who are retained in connection with this action, and their
3  supporting personnel, only to the extent necessary to carry out
4  duties related to this action;

5  f.  Subject to Paragraph 13, non-technical trial consultants, mock
6  judges and juries, graphics or design firms, copying vendors,
7  and information technology consultants retained by the
8  Receiving Party's outside counsel for the purpose of preparing,
9  organizing, or copying Material for purposes related to the
10  action, including their supporting personnel;

11  g.  Mediators;

12  h.  Any person approved in writing by the designating party;

13  i.  Authors and/or recipients of the Material;

14  j.  Witnesses at their deposition, subject to Paragraphs 6–7; and

15  k.  Any other person to the extent permitted by Court Order.

16  14.  Material designated as "Highly Confidential–Outside Counsel's Eyes
17  Only" may be disclosed by a Receiving Party only to the persons identified in
18  Paragraphs 13.b-k. The persons identified in Paragraphs 13.e and 13.f shall be
19  subject to the additional restrictions outlined in Paragraph 15.

20  15.  The persons identified in Paragraphs 13.e and 13.f shall not be
21  permitted access to Confidential or Highly Confidential–Outside Counsel's Eyes
22  Only Material unless and until they agree in writing to be bound by this Protective
23  Order by signing a confidentiality agreement substantially in the form of
24  Attachment A. Disclosing outside counsel shall retain the original of all executed
25  confidentiality agreements. Copies of executed confidentiality agreements need not
26  be provided until the final termination of this action, and then only at the written
27  request of the Producing Party.

28  16.  Persons receiving Confidential or Highly Confidential–Outside

7

Counsel's Eyes Only Material pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order. The recipient of any Confidential or Highly Confidential–Outside Counsel's Eyes Only Material provided pursuant to this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary and confidential information.

17.     The restrictions set forth in this Protective Order shall not apply to any Material that:

   a.     at the time of its production or disclosure, is already lawfully in the possession of the Receiving Party or is publicly available;

   b.     after its production or disclosure, is acquired by the Receiving Party from a third party with lawful possession and under no confidentiality obligation to the Producing Party with respect to the Material;

   c.     after its production or disclosure, is developed by the Receiving Party independently of any designated Material obtained from the Producing Party; or

   d.     after its production or disclosure, is disclosed to a third party by the Producing Party without an obligation of confidentiality with respect to the Material.

18.     To the extent that any party creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, or tape, a file, database, or program (including but not limited to e-discovery management software such as Concordance and Summation) containing information that it received from a Producing Party  and that is designated Confidential or Highly Confidential–Outside Counsel's Eyes Only Material, that

1  party must take all necessary steps to ensure that access to such media is properly

2  restricted to those persons who, by the terms of this Protective Order, may have

3  access to the designated Material. Similarly, whenever any party with access to

4  Confidential or Highly Confidential–Outside Counsel's Eyes Only Material in

5  electronic format reduces that Material to hard copy, that party must take all

6  necessary steps to ensure that access to the hard copy is properly restricted to those

7  persons who, by the terms of this Protective Order, may have access to that

8  Material. When showing to a third-party witness or deponent Confidential or

9  Highly Confidential–Outside Counsel's Eyes Only Material that has been reduced

10  from electronic format to hard copy, a party must ensure that the hard copy

11  containing the Confidential or Highly Confidential–Outside Counsel's Eyes Only

12  Material is marked as such.

13         19.    Should any designated Confidential or Highly Confidential–Outside

14  Counsel's Eyes Only Material be disclosed through inadvertence by the Receiving

15  Party to any person not entitled to receive the Material, there shall be no waiver or

16  loss of confidentiality. The inadvertently disclosing party shall promptly inform

17  counsel for the Producing Party of the inadvertent disclosure and provide

18  information about the nature and circumstances of the disclosure. The

19  inadvertently disclosing party shall exercise reasonable efforts to retrieve

20  inadvertently disclosed Material and to ensure that no further unauthorized

21  disclosure or use thereof is made.

22  **G.    Filing of Confidential or Highly Confidential–Outside Counsel's Eyes
23  Only Material**

24         20.    Without written permission from the Producing Party or a Court order

25  secured after appropriate notice to all interested persons, a party may not file in the

26  public record in this action another party's designated Confidential or Highly

27  Confidential–Outside Counsel's Eyes Only Material. A Receiving Party that seeks

28  to file under seal any such Material must comply with Civil L.R. 79-5. Material

STIPULATED PROTECTIVE ORDER

may only be filed under seal pursuant to a court order authorizing the sealing of the specific Material at issue. Pursuant to Civil L.R. 79-5, a sealing order will issue only upon a request establishing that the Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Material under seal pursuant to Civil L.R. 79-5 is denied by the Court, then the Receiving Party may file the Material in the public record unless otherwise instructed by the court.

**H.     Challenges to Designations**

21.     The parties shall limit their Confidential or Highly Confidential–Outside Counsel's Eyes Only designations to Material which they in good faith believe to qualify for protection under this Protective Order. No Receiving Party shall be under any obligation to object to the designation of any Material as Confidential or Highly Confidential–Outside Counsel's Eyes Only at the time such designation is made, or at any time thereafter, and no party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

22.     If the Receiving Party objects to another party's designation of Material, e.g., because the Material does not qualify for protection or because it only qualifies for protection as Confidential and not as Highly Confidential–Outside Counsel's Eyes Only, the Receiving Party shall make its objection in writing to the Producing Party. The parties shall try in good faith to informally resolve the objection. If the parties are unable to resolve the objection, then the Receiving Party may file a motion with the Court for an order changing or removing the designation. If the Receiving Party files a motion to change or remove the designation, the Producing Party shall have the burden of showing that the challenged designation is proper. Until an objection to a designation has been resolved by agreement of counsel or by Court order, the contested designation shall be deemed valid.

STIPULATED PROTECTIVE ORDER

## I.   Inadvertent Failure to Designate

23.    Should any designated Confidential or Highly Confidential–Outside Counsel's Eyes Only Material be disclosed through inadvertence by the Receiving Party to any person not entitled to receive the Material, there shall be no waiver or loss of confidentiality. The inadvertently disclosing party shall promptly inform counsel for the Producing Party of the inadvertent disclosure and provide information about the nature and circumstances of the disclosure. The inadvertently disclosing party shall exercise reasonable efforts to retrieve inadvertently disclosed Material and to ensure that no further unauthorized disclosure or use thereof is made.

## J.   Inadvertent Production of Privileged Information or Material

24.    Consistent with Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, the inadvertent production of information or material subject to the attorney-client privilege, work-product immunity, or other applicable privilege or immunity shall not constitute a waiver of such privilege or immunity. In addition, if information or material subject to the attorney-client privilege or the attorney work-product doctrine is otherwise inadvertently disclosed in Material made available for inspection, such disclosure shall not be considered a waiver of any applicable privilege or immunity.

25.    If a party determines that it inadvertently disclosed privileged or protected information or material, it must promptly provide the Receiving Party with written notice (i) identifying the information or material and (ii) providing a description of the nature of the information or material sufficient to enable the Receiving Party to assess the claim consistent with the standard for privilege logs under Rule 26(b)(5)(A)(ii).

26.    Immediately upon receiving notice that information or material subject to a privilege or immunity has been inadvertently disclosed, the Receiving

1  Party shall not review, copy, or otherwise disseminate the information or material,
2  or disclose its substance. In addition, within 7 days of the notice, the Receiving
3  Party shall return the identified information or material and all copies.

4      27.    If the Receiving Party disputes the asserted privilege or immunity of
5  the inadvertently disclosed information or material, it shall serve a written
6  objection on the party asserting the privilege explaining the good-faith basis for its
7  belief that the inadvertently produced information or material is not privileged or
8  protected. The parties shall try in good faith to informally resolve the issue. If the
9  parties are unable to resolve it informally, the objecting party may file a motion
10 with the Court seeking production of the information or material at issue. Until an
11 objection to a designation has been resolved by agreement of counsel or by Court
12 order, the contested designation shall be deemed valid.

13 **K.    Advice to Clients**

14     28.    Nothing in this Protective Order shall bar or otherwise restrict any
15 attorney from rendering advice to the attorney's client, and in the course thereof,
16 relying upon an examination of Material designated Confidential or Highly
17 Confidential–Outside Counsel's Eyes Only; provided, however, that in rendering
18 such advice and in otherwise communicating with the client, the attorney shall not
19 disclose any Material designated Confidential or Highly Confidential–Outside
20 Counsel's Eyes Only or the substance of such Material to anyone not authorized by
21 this Protective Order to receive it.

22 **L.    Other Proceedings**

23     29.    By entering this Order and limiting the disclosure of information in
24 this case, the Court does not intend to preclude another court from finding that
25 information may be relevant to and subject to disclosure in another case. Any
26 person or party subject to this Order who becomes subject to a motion to disclose a
27 Producing Party's Material designated Confidential or Highly Confidential–
28 Outside Counsel's Eyes Only shall promptly notify the Producing Party of the

1  motion so that the Producing Party may have an opportunity to appear and be

2  heard on whether that Material should be disclosed.

3  **M.   Miscellaneous**

4          30.    This Protective Order is not intended to govern the use of Material

5  designated Confidential or Highly Confidential–Outside Counsel's Eyes Only at

6  the trial of this action. Procedures governing the use of Material designated

7  Confidential or Highly Confidential–Outside Counsel's Eyes Only at trial will, if

8  necessary, be established by separate order.

9          31.    This Protective Order is applicable to the parties, to any third parties

10  who utilize the provisions of Paragraph 34, and to the representatives, experts, and

11  employees of the parties or third parties. This Protective Order shall not, in any

12  manner, be disclosed to the jury in any litigation between or among the parties.

13  Further, this Protective Order shall not be used, in any manner or form, direct or

14  indirect, as evidence in any trial or any hearing, or referred to in any trial or any

15  hearing, except a hearing which involves issues related to the enforcement of this

16  Protective Order.

17          32.    At the conclusion of this action, including all appeals, each Receiving

18  Party must destroy or return to the Producing Party all of the Producing Party's

19  Material designated as Confidential or Highly Confidential–Outside Counsel's

20  Eyes Only and any copies thereof, including those provided to outside experts and

21  other third parties, but excluding those provided to the Court. Notwithstanding the

22  foregoing, outside counsel for a Receiving Party may retain Confidential and

23  Highly Confidential–Outside Counsel's Eyes Only Material to the extent copies or

24  portions of such Material is contained in counsel's work product, correspondence

25  between counsel, deposition transcripts, or in copies of pleadings and materials that

26  are of record in this action, subject to the continued treatment of such retained

27  Material under this Protective Order. Upon request, written certification of

28  compliance with this paragraph shall be provided to the Producing Party not later

STIPULATED PROTECTIVE ORDER

than 60 days after conclusion of this action.

33.     Nothing in this Protective Order shall prejudice the right of any party or other person to apply to the Court for any further order under Rule 26(c) of the Federal Rules of Civil Procedure relating to confidential information, or to object to the production of documents or information, or to apply to the Court for an order compelling production of documents or information, or for modification of this Order, or to seek any other relief from the Court. The parties may modify this Order by written agreement.

34.     In the event that a party seeks discovery via subpoena or similar court order from a third party, unless the parties agree otherwise, all parties shall treat any Material produced by a third party or testimony provided by a third party as if designated Highly Confidential–Outside Counsel's Eyes Only for a period of 14 days from the date of receipt thereof, regardless of whether such Material or testimony has been so designated by the third party. To the extent a party believes in good faith that Material produced by the third party or testimony provided by the third party discloses or includes that party's Confidential or Highly Confidential–Outside Counsel's Eyes Only Material, that party may designate the Material in accordance with this Protective Order. After 14 days from the date of receipt of Material produced by a third party or testimony provided by that third party, the parties shall treat such Material and testimony in accordance with the designations, if any, made by the third party or by another party as provided under this paragraph, whichever provides the greatest level of protection, subject to the right of any other party to challenge such designations in accordance with the terms of this Protective Order.

35.     Neither the termination of this action nor the termination of the employment of any person who has had access to any Confidential or Highly Confidential–Outside Counsel's Eyes Only Material shall relieve such person of his or her obligations under this Protective Order, which shall survive.

36.     Notice under this Protective Order shall be to the Parties as follows, unless this provision is modified by the parties in writing: notice to Luxe Link shall be made to Luxe Link's counsel and notice to Defendants shall be made to Defendants' counsel, all at their respective addresses of record filed with this Court for this case.

37.     Each person or entity who receives any designated Confidential or Highly Confidential–Outside Counsel's Eyes Only Material agrees to submit to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

38.     Until this Protective Order has been entered by the Court, the parties agree that, upon execution by the parties, it will be treated as though it had been "So Ordered."

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 18, 2015.

**MORGAN, LEWIS & BOCKIUS LLP**

s/ Rita E. Tautkus
Brett A. Lovejoy (SBN 212942)
*blovejoy@morganlewis.com*
Rita E. Tautkus (SBN 162090)
*rtautkus@morganlewis.com*

Attorneys for Defendants
Alexx, Inc. and Sandra Stein

**NEWMAN DU WORS LLP**

s/ Derek Linke
Derek A. Newman, State Bar No. 190467
*dn@newmanlaw.com*
Derek Linke, State Bar No. 302724
*linke@newmanlaw.com*

Attorneys for Plaintiff
Luxe Link, LLC

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED

Dated this 21st day of September 2015.

*Patrick J. Walsh*

The Honorable Patrick J. Walsh
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUXE LINK, LLC, | Case No. CV14-08024 BRO (PJWx) |
| Plaintiff, | **CERTIFICATION REGARDING PROTECTIVE ORDER** |
| v. | |
| ALEXX, INC. et al., | |
| Defendants. | |

1.      I, _____, have been asked by counsel for Plaintiff / Defendant [circle one] in the above-captioned matter to review certain confidential documents or other information that is subject to the Stipulated Protective Order that has been or will be entered by the District Court for the Central District of California in the above-captioned case.

2.      My present employer is _____ and the address of my present employer is _____. My present occupation or job title/description is _____.

3.      I have received a copy of the Protective Order in this action. I have carefully read and understand its provisions.

4.      I will comply with all provisions of the Protective Order, including but not limited to the following:

a. I will not disclose any information, documents, or things designated as "Confidential" or "Highly Confidential–Outside Counsel's Eyes Only" to anyone other than those persons specifically authorized by the Protective Order.

b. I will not use any "Confidential" or "Highly Confidential–Outside Counsel's Eyes Only" material for any purpose other than the above-captioned case.

c. When requested to do so, I will return or destroy all "Confidential" or

16
STIPULATED PROTECTIVE ORDER

1  "Highly Confidential–Outside Counsel's Eyes Only" materials, and all
2  documents and things that I have prepared relating thereto.

3      5.    I will take reasonable steps to restrict access to any "Confidential" or
4  "Highly Confidential–Outside Counsel's Eyes Only" materials to only those
5  persons authorized by the Protective Order to have such access. I will require any
6  of my employees or staff who are provided access to "Confidential" or "Highly
7  Confidential–Outside Counsel's Eyes Only" material to review the terms of the
8  Protective Order and sign this certification.

9      6.    I understand that my obligations regarding "Confidential" or "Highly
10  Confidential–Outside Counsel's Eyes Only" material under the Protective Order
11  apply equally to copies, summaries, excerpts, transcripts, indices, expert reports, or
12  compilations of information containing "Confidential" or "Highly Confidential–
13  Outside Counsel's Eyes Only" material, as well as any knowledge or information
14  derived from any such information I receive during this action.

15      7.    I understand that, if I violate the provisions of the Protective Order, I
16  may be subject to sanctions by the Court, and that the parties or third parties that
17  designated the information as "Confidential" or "Highly Confidential–Outside
18  Counsel's Eyes Only" may seek other remedies against me.

19      8.    I voluntarily submit to the jurisdiction of the United States District
20  Court for the Central District of California with respect to the enforcement of the
21  Protective Order, or with respect to any other order issued by the Court governing
22  the use of confidential information in the above-captioned case.

23      I declare under penalty of perjury under the laws of the United States of
24  America that the foregoing is true and correct.

25  Signature: _____
26  Name: _____
27  Date: _____
28

STIPULATED PROTECTIVE ORDER